CASE 16—PETITION ORDINARY—SEPT. 22.

## Secrets, &c. v. Markwell.

APPEAL FROM FLEMING CIRCUIT COURT.

OBLIGORS IN INDEMNIFYING BONDS ARE LIABLE FOR THE ENTIRE DAMAGE.—If property not subject to execution is levied on, and an indemnifying bond given, and a sale is made for more than sufficient to satisfy the execution, the obligors in the indemnifying bond are liable, not only for the amount of the execution, but for ·the entire damage sustained in consequence of the seizure and sale.

WM. H. CORD, . . . . . . . . . . . For Appellants,

CITED

Civil Code, sections 709-727.
Story's Equity, sec. 470.
Revised Statutes, 2 Stanton, 96, sec. 19.
Brady on Distress, 115.       2 Strange, 97.
8 Bush, 402, Maddox v. Fox.
9 Bush, 544, Cook v. College of Physicians.
6 Bush, 519, Foster v. Shreve.
2 Dana, 208, Craddock v. Riddlesbarger.
3 Dana, 210, Burket v. Boude.

*In this case an appeal from the foregoing decision has been taken to the Supreme Court of the United States.

5 M. & S. 200.            1 Salkeld, 289.
2 Chitty's Pleading, 501.
7 Hurlstone & Norman, 603.
13 B. Mon. 343, Stone v. Powell.
18 B. Mon. 261, Hughey v. Sidwell.
18 B. Mon. 662, Watson v. Gabby.
17 B. Mon. 290, Swigert v. Bank of Kentucky.
18 B. Mon. 121, Logan v. Anderson.
11 Johns. 185.            12 Johns. 385.
11 Ga. 2, chap. 19, sec. 3.

W. S. BOTTS, . . . . . . . . . . . For. Appellee,

CITED

Revised Statutes, chap. 56, art. 2.
Act of February, 1858.
Civil Code, section 716.
2 Met. 42, Williams v. Wood, &c.
16 B. Mon. 403, Fisher v. Kollerts.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The sheriff of Fleming County having levied an execution in favor of Day against Clark upon sixty-two hogs, as the property of Clark, but doubting whether the hogs were subject to the execution, demanded an indemnifying bond, which was given, and he proceeded to take possession of the hogs and sell them. There was due on the execution on the day of sale, including interest, costs, and commission, about $320; but the sheriff sold the whole number for the sum of $441, and took bond from the purchaser, payable to the plaintiff in the execution, for $380.34, and to the defendant Clark for the residue, to wit, $60.66.

The appellee having a landlord's lien on the hogs for $422, due him for rent, brought this action on the indemnifying bond, and recovered a judgment against the obligors therein for the sum of $422, subject to a credit for $60.66, the amount of the bond taken payable to Clark, which in the meantime had been paid into court for the appellee, and from that judgment this appeal is prosecuted.

The only question presented by the record which we deem it important to notice is whether there was error in rendering judgment against the obligors in the bond for a greater sum than was due on the execution.

The statute provides that "if an officer who levies or is required to levy an execution upon personal property doubts whether it is subject to the execution, he may give to the plaintiff therein, or his agent or attorney, notice that an indemnifying bond is required. Bond may thereupon be given by or for the plaintiff, with one or more sureties to be approved by the officer, to the effect that the obligors therein will indemnify him against the damages which he may sustain in consequence of the seizure or sale of the property, and will pay to any claimant thereof the damages he may sustain in consequence of the seizure or sale, and will warrant to any purchaser such estate or interest therein as is sold; and thereupon the officer shall proceed to subject the property to the execution, and shall return the indemnifying bond to the circuit court of the county in which the levy is made." (Sec. 709, Civil Code.)

Section 710 provides that "if the bond mentioned in the last section is not given, the officer may refuse to levy the execution; or if it has been levied, and the bond is not given in a reasonable time after it is required by the officer, he may restore the property to the person from whose possession it was taken, and the levy shall stand discharged."

Section 711 provides that "the claimant of any property, for the seizure and sale of which an indemnifying bond has been taken and returned by the officer, shall be barred of *any* action against the officer levying on the property, if the surety in the bond was good when it was taken."

Before the passage of this statute an officer who levied an execution upon personal property belonging to one not a defendant in the writ, or which belonged to such defendant, but

was exempt from seizure and sale, was liable to the owner for
the damages sustained in consequence of its seizure or sale.
If, on the other hand, the officer doubted whether property
upon which he was required to levy, or on which he had
levied, was subject to the execution, and refused to levy and
sell, or, having levied, refused to sell, he was liable to be sued
by the plaintiff in the execution for refusing; and if upon the
trial it turned out that the property was subject, the officer
was answerable in damages.

The object of the legislature, no doubt, was to relieve col-
lecting officers from such liabilities against which the utmost
prudence and vigilance could not always protect them, and at
the same time to secure to all other persons interested in the
matter adequate indemnity for wrongs to which they might be
subjected in consequence of an unlawful seizure or sale of prop-
erty under executions. This could only be done by placing
the obligors in an indemnifying bond in the room and stead
of the officer and subjecting them to liability to the same ex-
tent to which the officer would have been liable but for the
bond.

It is contended, however, that the bond only binds them
to answer for such acts as the officer might lawfully have done
if the property had been subject to the execution, and that as
the officer could lawfully sell under the execution only so many
of the hogs as would raise a sum sufficient to satisfy the ex-
ecution, the bond does not bind the obligors therein to answer
for the unlawful sale of more property than was necessary, and
that for the excess of authority the claimant must look to the
officer and the sureties in his official bond; that their under-
taking must be held to be to answer only for such damages as
result from a seizure and sale under the execution—that is,
such seizure and sale as the execution authorized the officer to
make—and not for damages resulting from his having exceeded
his authority.

Such a construction would render the statute inadequate to the purposes for which it was enacted.. Without it a claimant whose property had been seized and sold under an execution to which it was not subject might, by a single action against the officer, recover full indemnity for the wrong. But under the construction contended for it will often happen that he can obtain redress only by prosecuting two suits, if indeed he may not be in some instances without any adequate remedy.

Under that construction a person whose property has been seized and sold without warrant of law must, in a case where more property has been seized and sold than was necessary to satisfy the execution, sue on the indemnifying bond to recover the value of so much as was necessary to be sold to satisfy the execution; and for that not necessary for that purpose, and which was therefore sold without authority from the writ, he must resort to another action against the officer, thus compelling him to bring two actions in order to obtain redress for a single wrong. Such a construction is not demanded by the language of the statute or by the covenants in the bond, nor is it demanded by any considerations of justice or sound policy, and it is forbidden by that maxim which declares that the law abhors a multiplicity of suits.

A collecting officer has no right to require an indemnifying bond, unless he doubts whether the property levied upon, or which he is required to levy upon, is subject to the execution; and when he gives notice that he does require it, it is fair to presume that if it had not been given he would not have levied upon the property, or if he had already done so he would act as the law authorizes him to do in such cases, and restore the property and thereby discharge the levy.

It is fair then to conclude, in every case where a bond is given, that if it had not been given the property would not have been seized and sold, and therefore, in every such case, that the wrong done results wholly from the act of those sign-

ing the bond. This being the case, there is no hardship in holding them to answer for all the consequences flowing from their own act.

Having, by executing the bond, caused the sheriff to seize and remove the hogs, the appellants became responsible to the appellee to the extent of his lien, whether the sheriff exceeded his authority or not.

Wherefore the judgment is *affirmed.*